# EXHIBIT A

## AUTHORIZATION & NOTIFICATION

I, JAMIAL KIYEMBA ( ), UNDERSTAND THE LEGAL TERM "NEXT FRIEND" AND FIRMLY BELIEVE THAT THE FOLLOWING PEOPLE, (AS ATTACHED) WHO I HAVE COME TO KNOW DURING MY CAPTIVITY SINCE MARCH 2002, WANT ME TO ACT AS THEIR "NEXT FRIEND", AND AUTHORIZE CLIVE STAFFORD SMITH TO SEEK ANY LEGAL REDRESS ON THEIR BEHALF THAT IS POSSIBLE, AND I SO AUTHORIZE HIM. I ALSO SUBMIT THIS DOCUMENT AS EVIDENCE, INDEPENDENT OF THEIR RELIANCE UPON ME AS "NEXT FRIEND", OF THEIR SPECIFIC DESIRE FOR A LAWYER AND FOR A LEGAL CHALLENGE TO THE ILLEGALITY OF THEIR DETENTION BY THE UNITED STATES OF AMERICA.

THIS AUTHORIZATION & NOTIFICATION APPLIES TO ALL PERSONS LISTED ON THE ATTACHED LISTS, AS INITIALED BY ME.

MARCH 10TH, 2005.

*Kiyemba*

05 2087

FILED

OCT 2 1 2005

25 | DR. ABU MUHAMMAD ALGERIAN CAMP IV (ENY)

NAMES OF DETAINEES

| # | Name | Nationality | Camp |
|---|------|------|------|
| 1 | ALI | UZBEKISTAN | CAMP I |
| 2 | ABDULLAH | UZBEKISTAN | CAMP I |
| 3 | KHALID | TURKISTAN | CAMP 4 (UIGIUR) |
| 4 | ABDULASIBE | " | " | " |
| 5 | ABDUSAMAD | " | " | " |
| 6 | HAMMAD | " | " | " |
| 7 | ABDU NASIR | " | " | " |
| 8 | JALAAL | " | " | " |
| 9 | BILAL | SYRIAN | CAMP I (ARABIC) |
| 10 | FAISAL | SAUDI | CAMP I " |
| 11 | BANDAR ALJAABIR | " | " | " |
| 12 | AHMAD | TURKISTAN | CAMP 4 (UIGUIR) |
| 13 | SAADIQ | " | " |
| 14 | WALIID | SUDAN | CAMP I |
| 15 | HAMMAD | " | CAMP 4 |
| 16 | MAHMOOD | SUDAN | CAMP I |
| 17 | SAIFULLAH | TUNISIAN | CAMP II ITALIAN? ARABIC |
| 18 | YUSUF ASSHIHRI | SAUDI | CAMP III |
| 19 | YUSUF ARIBEJH | SAUDI | CAMP I |
| 20 | ABDALLAH | TUNISIAN | CAMP II ITALIAN? |
| 21 | ADIL | TUNISIAN | CAMP IV ITALIAN? |
| 22 | ABU RAWDAH | SYRIAN | CAMP I |
| 23 | SAABIR | TURKISTAN | CAMP IV (UIGUI |
| 24 | SAALIH | TURKISH | CAMP IV |
| 25 | DR. ABU MUHAMMAD | ALGERIAN | CAMP IV (ENG |
| 26 | SALMAN ALBAHRI | SAUDI | CAMP I |
| 27 | JAABIR ALQAHTAANI | SAUDI | CAMP II |

J.K.

.ID WAAN AL MAGREBI

AHD  ALHARAAZI

AHD  ABU HALFSA

TUDHAIFA

ABDURAHMAN

SHAFIIQ

IABIL

MOROCCAN

SAUDI

YEMENI

TURKWANI

YEMENI

ALGERIAN

ALGERIAN

CAMP IV   Arabic

CAMP I   Urguia

CAMP I   Arabic

CAMP I   Arabic

CAMP I   French & Arabic

# EXHIBIT B



66 FR 57833                                                                    Page 1
66 FR 57833, 2001 WL 34773797 (Pres.)
**(Cite as: 66 FR 57833)**

Notice

Detention, Treatment, and Trial of Certain Non-Citizens in the War Against
Terrorism

November 13, 2001
**\*57833** By the authority vested in me as President and as Commander in Chief of the
Armed Forces of the United States by the Constitution and the laws of the United
States of America, including the Authorization for Use of Military Force Joint
Resolution (Public Law 107-40, 115 Stat. 224) and sections 821 and 836 of title 10,
United States Code, it is hereby ordered as follows:

Section 1. Findings.

(a) International terrorists, including members of al Qaida, have carried out
attacks on United States diplomatic and military personnel and facilities abroad
and on citizens and property within the United States on a scale that has created a
state of armed conflict that requires the use of the United States Armed Forces.

(b) In light of grave acts of terrorism and threats of terrorism, including the
terrorist attacks on September 11, 2001, on the headquarters of the United States
Department of Defense in the national capital region, on the World Trade Center in
New York, and on civilian aircraft such as in Pennsylvania, I proclaimed a national
emergency on September 14, 2001 (Proc. 7463, Declaration of National Emergency by
Reason of Certain Terrorist Attacks).

(c) Individuals acting alone and in concert involved in international terrorism
possess both the capability and the intention to undertake further terrorist
attacks against the United States that, if not detected and prevented, will cause
mass deaths, mass injuries, and massive destruction of property, and may place at
risk the continuity of the operations of the United States Government.

(d) The ability of the United States to protect the United States and its
citizens, and to help its allies and other cooperating nations protect their
nations and their citizens, from such further terrorist attacks depends in
significant part upon using the United States Armed Forces to identify terrorists
and those who support them, to disrupt their activities, and to eliminate their
ability to conduct or support such attacks.

(e) To protect the United States and its citizens, and for the effective conduct
of military operations and prevention of terrorist attacks, it is necessary for
individuals subject to this order pursuant to section 2 hereof to be detained, and,
when tried, to be tried for violations of the laws of war and other applicable laws
by military tribunals.

(f) Given the danger to the safety of the United States and the nature of
international terrorism, and to the extent provided by and under this order, I find
consistent with section 836 of title 10, United States Code, that it is not
practicable to apply in military commissions under this order the principles of law
and the rules of evidence generally recognized in the trial of criminal cases in
the United States district courts. **05 2087**

**FILED**

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

OCT 2 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

66 FR 57833                                                                    Page 2
66 FR 57833, 2001 WL 34773797 (Pres.)
**(Cite as: 66 FR 57833)**

(g) Having fully considered the magnitude of the potential deaths, injuries, and property destruction that would result from potential acts of terrorism against the United States, and the probability that such acts will occur, I have determined that an extraordinary emergency exists for national defense *57834 purposes, that this emergency constitutes an urgent and compelling government interest, and that issuance of this order is necessary to meet the emergency.

Sec. 2. Definition and Policy.

(a) The term "individual subject to this order" shall mean any individual who is not a United States citizen with respect to whom I determine from time to time in writing that:

(1) there is reason to believe that such individual, at the relevant times,

(i) is or was a member of the organization known as al Qaida;

(ii) has engaged in, aided or abetted, or conspired to commit, acts of international terrorism, or acts in preparation therefor, that have caused, threaten to cause, or have as their aim to cause, injury to or adverse effects on the United States, its citizens, national security, foreign policy, or economy; or

(iii) has knowingly harbored one or more individuals described in subparagraphs (i) or (ii) of subsection 2(a)(1) of this order; and

(2) it is in the interest of the United States that such individual be subject to this order.

(b) It is the policy of the United States that the Secretary of Defense shall take all necessary measures to ensure that any individual subject to this order is detained in accordance with section 3 and, if the individual is to be tried, that such individual is tried only in accordance with section 4.

(c) It is further the policy of the United States that any individual subject to this order who is not already under the control of the Secretary of Defense but who is under the control of any other officer or agent of the United States or any State shall, upon delivery of a copy of such written determination to such officer or agent, forthwith be placed under the control of the Secretary of Defense.

Sec. 3. Detention Authority of the Secretary of Defense.  Any individual subject to this order shall be --

(a) detained at an appropriate location designated by the Secretary of Defense outside or within the United States;

(b) treated humanely, without any adverse distinction based on race, color, religion, gender, birth, wealth, or any similar criteria;

(c) afforded adequate food, drinking water, shelter, clothing, and medical treatment;

(d) allowed the free exercise of religion consistent with the requirements of such detention; and

(e) detained in accordance with such other conditions as the Secretary of Defense may prescribe.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

66 FR 57833
66 FR 57833, 2001 WL 34773797 (Pres.)
**(Cite as: 66 FR 57833)**

Page 3

Sec. 4. Authority of the Secretary of Defense Regarding Trials of Individuals Subject to this Order.

(a) Any individual subject to this order shall, when tried, be tried by military commission for any and all offenses triable by military commission that such individual is alleged to have committed, and may be punished in accordance with the penalties provided under applicable law, including life imprisonment or death.

(b) As a military function and in light of the findings in section 1, including subsection (f) thereof, the Secretary of Defense shall issue such orders and regulations, including orders for the appointment of one or more military commissions, as may be necessary to carry out subsection (a) of this section.

(c) Orders and regulations issued under subsection (b) of this section shall include, but not be limited to, rules for the conduct of the proceedings of military commissions, including pretrial, trial, and post-trial procedures, modes of proof, issuance of process, and qualifications of attorneys, which shall at a minimum provide for-- **\*57835**

(1) military commissions to sit at any time and any place, consistent with such guidance regarding time and place as the Secretary of Defense may provide;

(2) a full and fair trial, with the military commission sitting as the triers of both fact and law;

(3) admission of such evidence as would, in the opinion of the presiding officer of the military commission (or instead, if any other member of the commission so requests at the time the presiding officer renders that opinion, the opinion of the commission rendered at that time by a majority of the commission), have probative value to a reasonable person;

(4) in a manner consistent with the protection of information classified or classifiable under Executive Order 12958 of April 17, 1995, as amended, or any successor Executive Order, protected by statute or rule from unauthorized disclosure, or otherwise protected by law, (A) the handling of, admission into evidence of, and access to materials and information, and (B) the conduct, closure of, and access to proceedings;

(5) conduct of the prosecution by one or more attorneys designated by the Secretary of Defense and conduct of the defense by attorneys for the individual subject to this order;

(6) conviction only upon the concurrence of two-thirds of the members of the commission present at the time of the vote, a majority being present;

(7) sentencing only upon the concurrence of two-thirds of the members of the commission present at the time of the vote, a majority being present; and

(8) submission of the record of the trial, including any conviction or sentence, for review and final decision by me or by the Secretary of Defense if so designated by me for that purpose.

Sec. 5. Obligation of Other Agencies to Assist the Secretary of Defense.

Departments, agencies, entities, and officers of the United States shall, to the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

66 FR 57833                                                                                          Page 4
66 FR 57833, 2001 WL 34773797 (Pres.)
**(Cite as: 66 FR 57833)**

maximum extent permitted by law, provide to the Secretary of Defense such
assistance as he may request to implement this order.

Sec. 6. Additional Authorities of the Secretary of Defense.

(a) As a military function and in light of the findings in section 1, the
Secretary of Defense shall issue such orders and regulations as may be necessary to
carry out any of the provisions of this order.

(b) The Secretary of Defense may perform any of his functions or duties, and may
exercise any of the powers provided to him under this order (other than under
section 4(c)(8) hereof) in accordance with section 113(d) of title 10, United
States Code.

Sec. 7. Relationship to Other Law and Forums.

(a) Nothing in this order shall be construed to--

(1) authorize the disclosure of state secrets to any person not otherwise
authorized to have access to them;

(2) limit the authority of the President as Commander in Chief of the Armed
Forces or the power of the President to grant reprieves and pardons; or

(3) limit the lawful authority of the Secretary of Defense, any military
commander, or any other officer or agent of the United States or of any State to
detain or try any person who is not an individual subject to this order.

(b) With respect to any individual subject to this order--

(1) military tribunals shall have exclusive jurisdiction with respect to
offenses by the individual; and

(2) the individual shall not be privileged to seek any remedy or maintain any
proceeding, directly or indirectly, or to have any such remedy or **\*57836**
proceeding sought on the individual's behalf, in (i) any court of the United
States, or any State thereof, (ii) any court of any foreign nation, or (iii) any
international tribunal.

(c) This order is not intended to and does not create any right, benefit, or
privilege, substantive or procedural, enforceable at law or equity by any party,
against the United States, its departments, agencies, or other entities, its
officers or employees, or any other person.

(d) For purposes of this order, the term "State" includes any State, district,
territory, or possession of the United States.

(e) I reserve the authority to direct the Secretary of Defense, at any time
hereafter, to transfer to a governmental authority control of any individual
subject to this order. Nothing in this order shall be construed to limit the
authority of any such governmental authority to prosecute any individual for whom
control is transferred.

Sec. 8. Publication.

This order shall be published in the Federal Register.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

66 FR 57833
66 FR 57833, 2001 WL 34773797 (Pres.)                                          Page 5
**(Cite as: 66 FR 57833)**


     GEORGE W. BUSH

     THE WHITE HOUSE,

     November 13, 2001.

 66 FR 57833, 2001 WL 34773797 (Pres.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.