IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Fethi Boucetta a/k/a Dr. Abu Muhammed, *et al.*, | ) ) ) | |
| Petitioners | ) ) ) | |
| vs. | ) ) | Civil Action No. 05-CV-2087 (RMC) |
| George W. Bush, *et al.* | ) ) ) | |
| Respondents. | ) ) | |

**PETITIONER BOUCETTA'S (a/k/a MUHAMMED) RESPONSE TO RESPONDENTS' MOTION FOR ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF PROPER "NEXT FRIEND" STANDING OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING RELATED APPEALS**

Petitioner Dr. Fathi Boucetta a/k/a Dr. Abu Muhammed ("Petitioner" or "Boucetta"), **a Non Enemy Combatant ("NEC") Guantanamo Bay detainee**, through his counsel, Holland & Hart, LLP, respectfully opposes Respondents' Motion for Order to Show Cause Why Case Should Not be Dismissed for Lack of Proper "Next Friend" Standing or, In the Alternative, to Stay the Proceedings Pending Related Appeals ("Respondents' Motion"). Petitioner requests that Respondents' Motion be denied and that the Court schedule a status hearing at its earliest convenience.

**I.   SUMMARY**

Respondents' Motion ought to be denied as to Petitioner Boucetta because he has expressed his desire to be represented to an attorney and because his sister, Fatima Boucetta, wishes to serve as his Next Friend. Petitioner Boucetta has filed a Motion to

Amend his Petition for Habeas Corpus requesting leave to amend his Petition to substitute his sister as his Next Friend and, therefore, Respondents objections to Next Friend standing in Boucetta's Petition are moot.

Respondents' alternative motion for stay must also be denied because Petitioner Boucetta has been declared by Respondents to be an NEC, he therefore holds a status unique to almost all other detainees, including those whose appeals are pending before the D.C. Circuit Court of Appeals. Judicial efficiency – the core rationale for Respondents' Motion – would not be served by a stay and, more critically, justice would be impeded by any further delay in the consideration of the Petition of a detainee who has been unlawfully and unnecessarily detained, possibly for over three years. Additionally, Petitioner Boucetta's Petition (and proposed Amended Petition) challenge the legality of and the government's adherence to the Military Order of November 13, 2001, issued by Respondent Bush ("Military Order"). None of the appellate proceedings upon which Respondents base their Motion to Stay involve challenges to the government's adherence to the Military Order.

## II. ARGUMENT

### A. RESPONDENTS' MOTION FOR ORDER TO SHOW CAUSE SHOULD BE DENIED AND INSTEAD THE COURT SHOULD SCHEDULE A STATUS CONFERENCE TO ENSURE THAT PEITIONER BOUCETTA MAY PROMPTLY CONSULT WITH COUNSEL.[1]

Petitioner Boucetta's proposed Amended Petition for Writ of Habeas Corpus ("Amended Petition"),[2] was filed in his own name and also on his behalf by Fatima Boucetta, his sister, as his Next Friend. Respondents argue that the Petitioners must establish proper "next friend" standing or the case should be dismissed. Respondents'

---

[1] Petitioner Boucetta reserves his legal (and further factual) arguments in support of his and/or his Next Friend's standing before this Court in the unlikely event that this Court issues an Order to Show Cause. Should the Court determine that an Order to Show Cause is appropriate in this case, Petitioners respectfully request that the deadline for responding be delayed until Petitioner Boucetta's handwritten letter, which was given to Susan Manning, an attorney visiting clients at Guantanamo Bay, is produced to Petitioner's counsel.

[2] As explained in Petitioner Boucetta's Motion for Leave to File An Amended Petition, over the course of the last two weeks, Petitioner's counsel has learned several critical facts about Petitioner Boucetta, including his Algerian name, his NEC status and his sister's location. This information has been shared with Respondent's counsel and is the basis for Petitioner's Motion to Amend. Respondent's counsel, while not opposing Petitioner's request to substitute his sister as his Next Friend, has refused to drop their Next Friend challenge to his Petition.

Petitioner therefore responds to Respondents' Motion based upon his proposed Amended Petition, which substitutes his sister as his Next Friend. In doing so, Petitioner does not concede that his Petition brought by himself and his original Next Friend, Jamaal Kiyemba, was improper. On the contrary, the very need for Mr. Kiyemba to act as Petitioner Boucetta's "Next Friend" was due to Respondents' *own* policies. For example, the written notifications Respondents cite in support of their Motion specifically state that "you may ask a ***friend***…to file such a petition with the Court." See Declaration of Frank Sweigart, attached to Respondents' Motion as Exhibit B, at ¶¶ 3-5 (emphasis added). The notifications do not say that the detainee must seek the assistance of "an individual satisfying the standing requirements under federal law for Next Friend status."

Motion at 13-14. It is neither necessary nor appropriate, however, for the Court to issue an order to show cause and Respondents' motion should be denied.

Respondent's argument that his original Next Friend, Jamaal Kiyemba, lacked standing to bring a habeas corpus petition on behalf of Petitioner Boucetta, though flawed, has been mooted by recent events. First, on or about November 14, 2005, Susan Baker Manning, an attorney visiting clients at Guantanamo Bay, was given a handwritten letter from Petitioner Boucetta. **Attachment A**, Declaration of Susan Baker Manning at ¶ 2. That letter is currently undergoing security procedures provided for under Judge Green's Amended Protective Order and Procedures for Counsel's Access to Detainees at the United States Navel Base in Guantanamo Bay, Cuba. *Id*. Then, on November 16, 2005, Petitioner Boucetta told Ms. Manning that he wishes to be represented by counsel to help him obtain his freedom. *Id*. at ¶ 9.

Second, on November 23, 2005, Petitioner Fatima Boucetta, Petitioner Boucetta's sister, spoke with J. Triplett Mackintosh, an attorney for Holland & Hart LLP, and expressed her desire to represent her brother in a "next friend" capacity. **Attachment B**, Declaration of J. Triplett Mackintosh at ¶¶ 8-9 and Exhibits A & B thereto (Boucetta Declaration and Translation). Ms. Boucetta explained that her brother would want to have legal representation and she wishes to act on his behalf to ensure that all possible legal remedies are pursued for him. *Id*.

Petitioner Boucetta has therefore expressed his desire that an attorney assist him in pursuing his freedom and Petitioner Fatima Boucetta, a blood relative, has expressed

her desire to act on her brother's behalf to pursue available legal remedies.  An Order to Show Cause is unnecessary in this case and would only lead to additional delay. Instead, this Court should order a status conference to determine when Petitioner's counsel can have access to Petitioner Boucetta to secure his safe release from his unlawful detainment, which has now likely lasted well over three years.

> **B.   RESPONDENTS' ALTERNATIVE MOTION FOR STAY SHOULD BE DENIED.**

Respondents requested a stay of this case because of three pending cases on appeal before the D.C. Circuit Court of Appeals.  *See* Respondents' Motion at 14.[3] Respondents argue that the appeals address the issues present in this case.  *See id*.  *That is simply not true*.

First, **Respondents admit that Petitioner Boucetta is not an enemy combatant**.  Respondents' Motion at n. 2.  While Petitioner's counsel is unsure of the date of his arrest, he has possibly been unlawfully held for over three years.  Any further delay in Petition would only further impede the justice that he has been denied.

Further, in every case on appeal, the Government contends that the prisoner is an "enemy combatant."  None of the appeals involves a claim by the Government of the right to detain someone whom the Government itself, through its CSRT process, has determined not to be an "enemy combatant."  *See, e.g.*, **Attachment C,** Judge Robertson's Aug. 19, 2005 Order at 5 ("Neither of the twinned cases now pending before the Court of Appeals presents, or appears to have contemplated, the case of a

---

[3] *See Khalid v. Bush*, No. 04-CV-1142; *Boudediene v. Bush*, No. 04-CV-1166 (RJL); and *In re Guantanamo Detainee Cases*, No. 02-CV-0299.

detainee who has been through the [Combat Status Review Tribunal] process and declared no longer an 'enemy combatant.' . . . [T]hese petitioners are correct, as a formal, legal matter, in their insistence that the issue presented by this case is not before the Court of Appeals."). Because the appeals do not consider the status of "non-enemy combatants," those appeals simply will not elucidate any power indefinitely to imprison NECs. Because Petitioner Boucetta is an NEC, there should be no concern that the appellate decision will have any affect on proceedings in this case. Accordingly, this Court should – indeed, we believe *must* under 28 U.S.C. § 2243 – deny any request for a stay, and move promptly to consideration on the merits of the writ of *habeas corpus*, in this case and in all cases involving NECs.

Second, contrary to Respondents' position, Petitioner Boucetta's Petition raises crucial issues that are not addressed in the pending appeals. Petitioners assert a number of claims based on the Military Order. Among other things, the Military Order requires that "[a]ny individual subject to this order shall be … (b) treated humanely, without any adverse distinction based on race, color, religion, gender, birth, wealth, or any similar criteria …." Military Order, § 3(b). Petitioner Boucetta alleges that his detention is in violation of the Military Order. None of the appellate proceedings upon which Respondents base their Motion to Stay involve claims based on Respondents' failure to abide by the terms of the Military Order. While the petitioners in *Khalid v. Bush* challenged the government's authority to issue the Military Order, 255 F.Supp. 2d. 311, 316 (D.D.C. 2005), they did not allege that the government is failing to comply with the

Military Order. Accordingly, there is no reason to stay Petitioners' rights to pursue these claims.

WHEREFORE, Petitioner Boucetta respectfully request that the Court deny Respondents' Motion for Order to Show Cause, as well as its alternative Motion to Stay, and schedule a status conference to discuss the process by which Counsel for Petitioners will be provided a meaningful and timely opportunity to confer with Petitioner Boucetta.

Dated December 2, 2005

Respectfully submitted,

s/ Donald Degnan _____
Donald A. Degnan
Holland & Hart LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO 80302
Tel: (303) 473-2700
Facsimile: (303) 473-2720

William E. Murane
Christopher L. Thomas
Danielle R. Voorhees
Christina Gomez
J. Triplett Mackintosh
Hamid M. Khan
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO  80202
Tel: (303) 295-8000
Facsimile: (303) 295-8261

-8-

        Dean B. Arnold
        Holland & Hart LLP
        U.S. Bank Plaza,
        101 S. Capitol Blvd., Ste. 1400
        Boise, ID 83702
        Tel.: (208) 383-3914
        Facsimile: (866) 851-8334

        Of Counsel
        Barbara J. Olshansky
        Tina Monshipour Foster (NY No. TF5556)
        Gitanjali S. Gutierrez (NY No. GG1234)
        CENTER FOR CONSTITUTIONAL RIGHTS
        666 Broadway
        New York, NY 10012
        Tel.: (212) 614-6439
        **ATTORNEYS FOR PETITIONERS**

-9-

# CERTIFICATE OF SERVICE

I certify that on December 2, 2005, I served a copy of the foregoing document to the following by electronic filing.

c/o Preeya Noronha
Peter D. Keisler
Joseph H. Hunt
Kenneth L. Wainstein
Douglas N. Letter
Vincent M. Garvey
Terry M. Henry
James J. Schwartz
Robert J. Katerberg
Nicholas J. Patterson
Andrew I. Warden
Edward H. White
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W. Room 7144
Washington, DC  20530
preeya.noronha@usdoj.gov

/s Donald Degnan _____
Holland & Hart LLP

3484407_1.DOC