IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAKIRJAN, *et al.*, <br><br>  Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br>  President of the United States, *et al.*, <br><br>  Respondents. | Civil Action No. 05-CV-2053 (HHK) |
| DR. ABU MUHAMMED, *et al.*, <br><br>  Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br>  President of the United States, *et al.*, <br><br>  Respondents. | Civil Action No. 05-CV-2087 (RMC) |

**RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF PROPER "NEXT FRIEND" STANDING OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING RELATED APPEALS**

Respondents hereby submit this reply memorandum in support of their motion for order to show cause why case should not be dismissed for lack of proper "next friend" standing, or in the alternative, to stay proceedings pending related appeals.

In support of their memoranda in opposition to respondents' motions for order to show cause why case should not be dismissed for lack of proper "next friend" standing, petitioners

presented evidence that the detainees for whom habeas relief is sought in these cases, Zakirjan and Dr. Abu Muhammed, desire the assistance of counsel in challenging the legality of their detention.  See Declaration of Susan Baker Manning dated December 2, 2005 in Zakirjan v. Bush, No. 05-CV-2053 (HHK) (dkt. no. 20); Declaration of Susan Baker Manning dated November 30, 2005 in Muhammed v. Bush, No. 05-CV-2087 (RMC) (dkt. no. 14).  Based on this evidence, respondents acknowledge that these detainees have directly authorized the above-captioned petitions for writ of habeas corpus, rendering respondents' motions for order to show cause moot.[1]  Therefore, these cases should proceed as direct petitions, and the purported "next friends," Abu Bakker Qassim and Jamaal Kiyemba, should be dismissed as petitioners in these cases.[2]

Even as direct petitions, however, the above-captioned cases should nonetheless be stayed pending resolution of all appeals in Khalid v. Bush, Boumediene v. Bush, Nos. 04-CV-1142 (RJL), 04-CV-1166 (RJL), 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. 2005), appeal on petition for interlocutory appeal, No. 05-5064 (D.C. Cir. Mar. 10, 2005).  Petitioners Zakirjan and Dr. Abu Muhammed have been determined to no longer be enemy combatants ("NLECs") by the Combatant Status Review Tribunals

---

[1] On December 6, 2005, Judge Oberdorfer dismissed respondents' motion for order to show cause in Zakirjan v. Bush as moot based on evidence of direct authorization by Zakirjan. See Order dated December 6, 2005 in Zakirjan v. Bush, No. 05-CV-2053 (HHK) (dkt. no. 24). Judge Oberdorfer did not, however, dismiss next friend petitioner Abu Bakker Qassim from the case.

[2] See Order dated October 31, 2005 in Hamlily v. Bush, No. 05-CV-0763 (JDB) (dkt. no. 19) (discharging order to show cause and dismissing next friend petitioner based on evidence of direct authorization of the petition).

("CSRTs"), and thus respondents are actively engaged in efforts to determine appropriate destination countries so that the necessary arrangements can be made with those countries to enable petitioners to be released.  Even though they are now classified as NLECs, however, petitioners are foreign nationals who have no prior voluntary connection with or allegiance to the United States and who were previously held as enemy combatants.[3]  Any issue of the substantive legal rights of an alien, wartime detainee-petitioner under the Constitution, treaties, or statutes regarding his detention, as well as the powers provided the courts through the habeas statute with respect to wartime detentions,[4] would be the subject of and affected by resolution of the pending

---

[3]  Although petitioners quibble with the term "NLEC" and claim that these detainees were "never" enemy combatants, see Zakirjan Opp. at 14-15, until the CSRTs determined that petitioners should no longer be classified as enemy combatants, prior determinations by Department of Defense decisionmakers that petitioners were classified as enemy combatants remained in effect and operative.

[4]  Petitioner Zakirjan suggests that he is asserting a legal ground for his release that is not before the Court of Appeals — the "threshold obligation" assertedly imposed upon the government by the common law of *habeas corpus*, independent of any obligation under the Constitution, statutes, or treaties, "to point to some lawful basis for imprisonment."  Zakirjan Opp. at 15.  That argument, however — that there is an independent "common law" right to release under the *habeas corpus* statute even if no violation of constitutional or other cognizable rights has been shown — is similar, if not identical, to one of the main arguments being pressed by the detainee-petitioners on appeal.  Compare Zakirjan Opp. at 15-16 ("Petitioner's claim rests primarily on the Government's threshold obligation to point to some lawful basis for imprisonment.  This obligation arises under the common law of *habeas corpus* that long predated our Constitution and exists independently of it.  '*Habeas corpus* is,' as the Supreme Court explained, 'a writ antecedent to statute, . . . throwing its root deep into the genius of our common law.'") (footnote omitted, emphasis in original), with Brief for the Guantanamo Detainees, Nos. 05-5064, 05-5095, et seq. (D.C. Cir.) (excerpts filed herewith as Exhibit A) at 18 ("Relief under the habeas statute . . . does not depend on showing a violation of the Constitution. . . . As the Supreme Court pointed out in Rasul [v. Bush, 124 S. Ct. 2686, 2692 (2004)], the statutory entitlement to judicial review of federal detentions is part of our common law heritage, throwing its root deep into the genius of our common law.'").  Thus, the outcome in Khalid and In re Guantanamo Detainee Cases will likely determine the fate of petitioner's argument in this Court as well.

appeals in Khalid and In re Guantanamo Detainee Cases.⁵  Such issues, thus, are properly the subject of a stay, and this is true regardless of whether an individual's detention is expected to continue or respondents have already determined to release him as soon as the necessary arrangements for an appropriate destination country can be made.⁶  Further proceedings would require the expenditure of significant judicial and other resources that may be avoided as a result of the appeals, and, in any event, such proceedings very likely would have to be revisited or relitigated once the appeals are decided and the Court of Appeals provides guidance regarding handling of the claims in all of the Guantanamo detainee cases.⁷  Thus, the Court should stay

---

⁵ Petitioner Muhammed alleges that a stay is not appropriate in his case because the petition asserts claims that respondents' detention of petitioner violates the Order on Detention, Treatment and Trial of Certain Non-Citizens in the War Against Terrorism issued by the President on November 13, 2001 (the "November 13, 2001 Order").  As explained above, petitioner has been determined to no longer be an enemy combatant, and the only thing holding up his release is that respondents are trying to make arrangements for a suitable destination country.  Petitioner is not, and has never been, detained pursuant to the November 13, 2001 Order, which is only applicable to a subset of detainees whom the President determines "in writing" may be prosecuted and tried by military commission for violation of the law of war. See November 13, 2001 Order, § 2(a).  Thus, petitioner's arguments regarding the November 13, 2001 Order are merely a red herring and should not be considered at all relevant to petitioner's petition for habeas relief or respondents' motion to stay.

⁶ The fact that an NLEC is, by virtue of that status, already slated for release, independent of the outcome of this litigation, would constitute, if anything, an additional factor weighing in favor of a stay.  The pendency of appeals that are likely to determine the legal landscape going forward warrants a stay in *any* Guantanamo detainee habeas case, but if there is any such case in which it would be appropriate to forego a stay and forge ahead with plenary proceedings, surely it is not one in which respondents are already engaged in efforts to bring about a petitioner's release.

⁷ Petitioners imply that the government does not have authority to detain an NLEC pending necessary arrangements for transfer to an appropriate destination country.  See Zakirjan Opp. at 17.  To the contrary, however, the Executive's authority regarding its initial wartime detention of enemy combatants, and the current custody pending resettlement of any such detainee ultimately declared an NLEC, is straightforward.  The Executive's power to wage war and detain suspected enemy combatants is firmly established.  See, e.g., Hamdi v. Rumsfeld, 124

these cases pending the resolution of the appeals of Khalid and In re Guantanamo Cases, except for entry of the Protective Order and related orders entered in other Guantanamo habeas cases, which will facilitate counsel access to the detainees.[8]

---

S. Ct. 2633, 2640 (2004) (explaining that "[t]he capture and detention of lawful combatants and the capture, detention, and trial of unlawful combatants, by 'universal agreement and practice,' are 'important incident[s] of war'" (quoting Ex parte Quirin, 317 U.S. 1, 28 (1942))). The Executive's power to detain a suspected enemy combatant necessarily includes the authority to wind up that detention in an orderly fashion after a detainee has been determined to no longer be an enemy combatant or after hostilities have ended. Indeed, historically, the United States Military or its allies have continued the detention of prisoners of war following the end of major conflicts to which the U.S. has been a party in order to properly resolve repatriation issues or effectuate resettlement where repatriation was not appropriate due to humanitarian or other concerns. See Christiane Shields Delessert, Repatriation of Prisoners of War to the Soviet Union During World War II: A Question of Human Rights, in World in Transition: Challenges to Human Rights, Development and World Order 80-81 (Henry H. Han ed., 1979) (noting delays in repatriation of prisoners after end of World War II and Korean War); Final Report to Congress on the Conduct of the Persian Gulf War, Appendix O, at 708 (April 1992) (available at http://www.ndu.edu/library/epubs/cpgw.pdf) (noting delays in return of prisoners after Persian Gulf War).

   [8] Respondents have received requests from counsel for telephone access to petitioners Zakirjan and Dr. Abu Muhammed. See, e.g., Petitioner's Motion for Expedited Entry of Protective Orders and Order Granting Petitioner Immediate Access to Counsel By Telephone in Zakirjan v. Bush, No. 05-CV-2053 (HHK) (dkt. no. 22). The Commander, JTF-GTMO is considering these requests on an individual, case-by-case basis, taking account of all appropriate factors. See Declaration of Brigadier General Jay W. Hood, ¶¶ 8-9 (attached as Exhibit B). In other cases involving NLECs, reasonable requests for attorney-client telephone calls have been accommodated where appropriate, subject to suitable measures to address security-related concerns. In any event, however, telephone access to these detainees cannot occur until the Protective Order and related, supplementary orders entered in other Guantanamo habeas cases are made applicable to these cases, and counsel have been granted the appropriate security clearances and have otherwise complied with the Protective Order. See In re Guantanamo Detainee Cases, 344 F. Supp. 2d 174 (D.D.C. 2004).

* * *

For the reasons stated, the Court should dismiss next friend petitioners Abu Bakker Qassim and Jamaal Kiyemba, and stay further proceedings in these cases, except as noted above, pending resolution of the appeals of Judge Leon's decision in <u>Khalid</u> and <u>Boumediene</u> and Judge Green's January 31, 2005 decision in <u>In re Guantanamo Detainee Cases</u>.

Dated: December 12, 2005            Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents