IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DR. ABU MUHAMMED, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-CV-2087 (RMC) |
| | ) | |
| GEORGE W. BUSH, | ) | |
| President of the United States, | ) | |
| *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO
PETITIONER'S ORAL MOTION TO LIFT STAY**

Respondents hereby submit the following memorandum in opposition to petitioner's oral

motion to lift the January 27, 2006 stay of "all action" in this case pending resolution by the D.C.

Circuit of "serious questions concerning whether this Court retains jurisdiction to hear the above-

captioned cases" after the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat.

2680, became law (dkt. no. 23).  See Transcript of October 5, 2006 Hearing at 33-35 (excerpt

attached hereto).

Although respondents no longer contest the jurisdiction of this Court to address

petitioner's habeas claims in light of the Supreme Court's interpretation of the Detainee

Treatment Act in Hamdan v. Rumsfeld, 126 S. Ct. 2749, 2768-69 (2006), as well as the recently

enacted Military Commissions Act of 2006, a stay of proceedings continues to be appropriate,

and this Court should refrain from addressing petitioner's claims until the pending appeals are

decided in Khalid v. Bush, 355 F. Supp. 2d 311 (D.D.C. 2005), appeals pending, Nos. 05-5062,

05-5063 (D.C. Cir.), and In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005),

appeal pending sub nom, Al-Odah v. Bush, No. 05-5064 (D.C. Cir.).[1] Quite apart from the

jurisdictional issue, the petition in this case raises legal issues that are squarely presented by the

appeals in Khalid and In re Guantanamo Detainee Cases, including whether petitioner possesses

any judicially enforceable rights under the U.S. Constitution, statutes or treaties. Such issues are

properly the subject of a stay, and this is true regardless of whether an individual's detention is

expected to continue or respondents have already determined to release him as soon as the

necessary arrangements for an appropriate destination country can be made.[2] It makes no sense

for proceedings related to the merits of this case to go forward when the D.C. Circuit's decisions

in those appeals will provide guidance concerning how this case may proceed on the merits, if at

all, and the legal analyses applicable to petitioner's claims. Further proceedings would require

---

[1] The Military Commissions Act of 2006, Pub. L. No. 109- ___ (2006) ("the MCA"), became law on October 17, 2006. The MCA, among other things, amends 28 U.S.C. § 2241 to eliminate district court jurisdiction to consider habeas petitions, as well as any other action "relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement," of aliens detained by the United States as enemy combatants. See id. § 7. The MCA, therefore, does not apply to this case, since petitioner been determined to no longer be an enemy combatant ("NLEC"). The D.C. Circuit, however, has ordered supplemental briefing on the effect of the MCA on the pending appeals, to be completed by November 20, 2006.

[2] The fact that an NLEC is, by virtue of that status, already slated for release, independent of the outcome of this litigation, would constitute, if anything, an additional factor weighing in favor of a stay. The pendency of appeals that are likely to determine the legal landscape going forward warrants a stay in any Guantanamo detainee habeas case, but if there is any such case in which it would be appropriate to forego a stay and forge ahead with plenary proceedings, surely it is not one in which respondents are already engaged in efforts to bring about a petitioner's release. Moreover, as Judge Robertson held in Qassim v. Bush, 407 F. Supp. 2d 198, 201-03 (D.D.C. 2005), appeal dismissed as moot, No. 05-5477, — F. 3d —, 2006 WL 2933322 (D.C. Cir. Aug. 14, 2006), the habeas statute extends no authority to a federal court to order the release of non-resident aliens held outside the territory of the United States, even NLEC detainees such as petitioner. Thus, until the D.C. Circuit provides guidance concerning how detainee cases may proceed, and the legal analyses applicable to habeas claims of detainees, this Court should not take any further action in this case.

the expenditure of significant judicial and other resources that may be avoided as a result of the appeals, and, in any event, such proceedings very likely would have to be revisited or relitigated once the appeals are decided and the Court of Appeals provides guidance regarding handling of the claims in all of the Guantanamo detainee cases.

This is all the more so in light of the consolidated appeals, argued on September 11, 2006, in Kiyemba v. Bush, et al., Nos. 05-5487, et al. (D.C. Cir.). Those cases, which include the government's appeal of orders requiring advance notice of transfer of Guantanamo detainees, including some determined to be NLECs, see Zakirjan v. Bush, Nos. 06-5042, 06-5234 (D.C. Cir.), out of United States custody, present questions dealing with any rights, specifically, of NLEC detainees such as petitioner, including whether a court may place constraints on the government's ability to relinquish custody of a detainee and transfer him to another country.

The Supreme Court admonished in Hamdi v. Rumsfeld, 542 U.S. 507, 539-40 (2004), that the lower courts should "proceed with the caution that . . . is necessary," and take only "prudent and incremental" steps when faced with novel issues presented by the habeas petitions of military detainees captured in the global war on terror. In the current setting of this case — where the legal principles applicable to petitioner's claims may soon be resolved or addressed by the Court of Appeals — it would be neither prudent nor appropriate to take the kind of precipitous action that petitioner urges upon the Court. Petitioner's oral motion to lift the stay in this case should be denied.

Dated: October 19, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

_____/s/ Preeya M. Noronha_____
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents

- 4 -