**CLEARED FOR PUBLIC FILING BY CSO**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Fethi Boucetta a/k/a<br>Dr. Abu Muhammad, | ) ) ) | |
| Petitioner | ) ) ) | |
| vs. | ) ) | Civil Action No. 05-CV-2087 (RMC) |
| George W. Bush, *et al.* | ) ) | |
| Respondents. | ) ) ) | |

**PETITIONER'S REPLY IN SUPPORT OF ORAL MOTION TO LIFT STAY**

It is undisputed that Petitioner Dr. Fethi Boucetta is a non-enemy combatant ("NEC") – an innocent man who remains unlawfully detained – and that this Court retains jurisdiction to hear Dr. Boucetta's petition for *habeas corpus* ("Petition"). *See* Opp'n at 1 ("respondents no longer contest the jurisdiction of this Court to address petitioner's habeas claims"). Therefore, Respondents' continued attempts to stall this matter must be rejected and the stay in this case should be lifted so that justice is not further delayed (and, therefore, denied) for Dr. Boucetta.

**I.    Dr. Boucetta's Case Should Move Forward.**

Dr. Boucetta is now in his fifth year of unlawful imprisonment in Guantanamo. His erroneous detention since the summer of 2002 has stripped him of *over four years of his life*, including invaluable time with his six children and his connection with the outside world. Over 18 months ago Respondents determined that Dr. Boucetta was an NEC. Unfortunately, this

1

determination has had no discernible impact – he remains detained without any indications that his imprisonment will end.

In *Rasul v. Bush*, the Supreme Court held that 28 U.S.C. Section 2241 confers on this Court jurisdiction to hear *habeas corpus* challenges to the legality of detention of Guantanamo detainees. 542 U.S. 466, 481 (2004) ("Aliens held at the [Guantanamo Bay] base, no less than American citizens, are entitled to invoke the federal courts' authority under § 2241"). Pursuant to Section 2241, Dr. Boucetta's Petition was filed on October 21, 2005. Respondents do not (and cannot) assert any basis for the indefinite detention of Dr. Boucetta and, therefore, cannot put forth any rational basis why a determination on his Petition ought to be further delayed.

**II.     The Court Has Jurisdiction To Hear Dr. Boucetta's Petition.**

After President Bush signed the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, tit. X, 119 Stat. 2680, this Court stayed this case "pending the jurisdictional ruling of the District of Columbia Circuit." Order at 1-2 (Jan. 27, 2006) (Dock. # 23). The stay was based solely on "[t]he question of whether this Court retains jurisdiction to hear the above-captioned case[]." *Id.* at 2. *See also* Opp'n at 1. It is now undisputed that this Court has jurisdiction to hear this case, as *neither* the DTA nor the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-___ (2006), affect the Court's jurisdiction over cases involving NEC detainees such as Dr. Boucetta. *See* Opp'n at 1. Because the jurisdictional concern underlying the stay is undisputedly not present in this case, the stay should be lifted.[1]

---

[1] On August 18, 2006, Judge Kennedy lifted the stay in another NEC's case. *Zakirjan v. Bush*, 05-2053 (HHK) (D.D.C.) (Dock. #61).

**III.    Respondents' Attempts To Conjure Up Other Reasons For Continuing The Stay Must Be Rejected.**

While recognizing that the purpose of the stay is moot, Respondents still assert that Dr. Boucetta's case ought to remain stayed due to pending appeals in *Khalid v. Bush*,[2] and *In re Guantanamo Detainee Cases*.[3] Opp'n at 1-2.  However, because Dr. Boucetta is an NEC, the issues presented in those cases are not controlling here.  Rather, at issue in those cases is whether *enemy combatant detainees* asserted viable legal claims.  *See In re Guantanamo Detainee Cases*, 355 F.Supp. 2d at 464 (holding certain alleged enemy combatant detainees have certain constitutional rights); *Khalid*, 355 F. Supp. 2d at 321 (holding certain alleged enemy combatant detainees "captured and detained pursuant to the AUMF and the President's Detention Order have no viable constitutional basis to seek a writ of habeas corpus").[4]  Because the issues on appeal are specific to enemy combatants, those appeals provide no basis for continued obstruction of Dr. Boucetta's Petition.[5]

---

[2]  355 F. Supp. 2d 311 (D.D.C. 2005), *appeals pending*, Nos. 05-5062, 05-5063 (D.C. Cir.).

[3] 355 F. Supp. 2d 443 (D.D.C. 2005), *appeals pending sub nom, Al-Odah v. Bush*, No. 05-5064 (D.C. Cir.).

[4] Neither the Authorization for Use of Military Force ("AUMF") nor the Detention Order apply to Dr. Boucetta, as both are only applicable to enemy combatants.  *See* AUMF, 115 Stat. 224, at § 2(a) (Sept. 18, 2001) (President may "use all necessary and appropriate force against those . . . persons he determines planned, authorized, committed, or aided the terrorist attacks that occurred on September 11, 2001, or harbored such organizations or persons"); Exec. Order of Nov. 13, 2001, Detention, Treatment, and Trial of Certain Non-Citizens in the War Against Terrorism § 2(a)(1), 66 Fed. Reg. 57833 (Nov. 13, 2001) (Secretary of Defense may detain anyone the President has "reason to believe" was a member of al Qaeda, engaged in or assisted in acts of international terrorism or knowingly harbored such a person).

[5] The appeal in *Kiyemba v. Bush*, Nos. 05-5487, et al. (D.C. Cir.), while involving at least one NEC, is also no reason to continue the stay in this case.  The *Kiyemba* appeal involves orders requiring advance notice of transfer of detainees.  Such an order was refused in this case and that matter is no longer before the Court.

Additionally, Respondents' argument that Dr. Boucetta's innocence is a factor weighing in favor of *additional delay* in his case is absurd, turning justice on its head. *See* Opp'n at 2 ("The fact that an NLEC is, by virtue of that status, already slated for release, independent of the outcome of this litigation, would constitute, if anything, an additional factor weighing in favor of a stay"). Dr. Boucetta has been unlawfully detained for over four years, he has a right to petition this Court for *habeas corpus*, this Court has jurisdiction to hear his Petition, and, despite having the last four years to do so, Respondents have not released him. The remedy of *habeas corpus* is worthless if Respondents are allowed to use a prisoner's innocence *against* him in arguing for delay after delay while they continuously fail to show *any* progress towards securing his release.

In fact, Dr. Boucetta's case is precisely the type of situation where the writ of *habeas corpus* is necessary and must not be deferred. As explained by Justice Kennedy in *Rasul*,

> [i]ndefinite detention without trial or other proceeding presents altogether different considerations. It allows friends and foes alike to remain in detention. It suggests a weaker case of military necessity and much greater alignment with the traditional function of habeas corpus. Perhaps, where detainees are taken from a zone of hostilities, detention without proceedings or trial would be justified by military necessity for a matter of weeks; but as the period of detention stretches from months to years, the case for continued detention to meet military exigencies becomes weaker.

*Rasul*, 542 U.S. at 488 (Kenendy, J., concurring). Here, Dr. Boucetta has been unlawfully detained for over four years and his case has been stayed for over one year. It is time that he be granted the right to pursue relief under his Petition for *habeas corpus*.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court lift the stay in this case.

4

Dated:  November 3, 2006.

Respectfully Submitted,


<u>/s Danielle R. Voorhees</u>
Anne J. Castle
Scott S. Barker
J. Triplett Mackintosh
William E. Murane
Danielle R. Voorhees
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO  80202
Tel: (303) 295-8000
Facsimile: (303) 295-8261

Donald A. Degnan
HOLLAND & HART LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO 80302
Tel: (303) 473-2700
Facsimile: (303) 473-2720

**ATTORNEYS FOR PETITIONER BOUCETTA**

## CERTIFICATE OF SERVICE

I certify that on November 3, 2006, I e-filed the foregoing document via the United States District Court for the District of Columbia's ECF service, which service shall electronically serve the United States Department of Justice.


/s Danielle R. Voorhees
Holland & Hart LLP


3626605_1.DOC